**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
         jsmith@bursor.com
         breed@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER DRAKE, on behalf of himself and all others similarly situated,<br><br>     Plaintiff,<br><br>ASSURANCE IQ, INC. and MICHAEL ROWELL,<br><br>     Defendants. | Case No.  2:18-cv-6661<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Alexander Drake ("Plaintiff"), individually and on behalf of all others similarly situated, allege the following upon information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

**NATURE OF THE ACTION**

1. Defendant Assurance IQ, Inc. and Michael Rowell ("Defendants") and/or its agents called Plaintiff on his cellular telephone using an autodialer and/or an artificial or prerecorded voice. Plaintiff did not give Defendants prior express written consent to make these calls.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on his telephone using an autodialer and/or an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**PARTIES**

3. Plaintiff Alexander Drake is, and at all times mentioned herein was, a resident of Los Angeles, California and a citizen of the State of Nevada.

4. Defendant Assurance IQ, Inc. is a Florida corporation with its principal place of business located at 113 Cherry Street, Seattle, Washington 98104.

5. Defendant Michael Rowell is the owner, CEO, CFO and Director of Assurance IQ, Inc. Mr. Rowell, during all times relevant to Plaintiff's claims, specifically, individually, and personally directed and authorized all of the unlawful calls described herein, and was intimately involved in the program to make these calls, including the selection of the equipment used to make them. Mr. Rowell was the guiding spirit and central figure behind these unlawful calls being made in the matter they were.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as

here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants transact significant business within this District, Plaintiff resides within this District, and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.   The Telephone Consumer Protection Act of 1991**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.  Congress intended to provide consumers a choice how telemarketers may contact them, finding that "[e]vidence presented to Congress indicates that automated or prerecorded calls are a nuisance. . . ." Pub. L. No. 102-243, §12-13 (1991).  "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

10. Among other things, the TCPA prohibits "initiating any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . .".  According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.  The FCC has stated that telemarketing occurs when a call is initiated and transmitted to a person for the purpose of promoting property, goods, or services.  47 C.F.R. §64.1200(a)(2)(iii); 47 C.F.R. §64.1200(f)(12); 18 FCC Rcd. 14014, 14098 ¶141 (FCC 2003).

11. The FCC has issued rulings clarifying that in order to obtain an individual's consent,

a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[r]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.      Defendants' Calls To Plaintiff**

12.     On or about June 5, 2018, Defendants, using the phone number (702) 514-4569, called Plaintiff's cellular phone.  Mr. Drake did not give Defendants prior express written consent to make this call.

13.     Defendants made these calls in order to promote, market, and to otherwise advertise their products and services.

14.     Given the size of Defendants' business there is little doubt that Defendants made similar or identical calls to thousands of other consumers as well.

15.     Plaintiff was harmed by the calls at issue here in the form of the aggravation, nuisance, trespass, waste of time and invasion of privacy that necessarily accompanies the receipt of unwanted telephone calls; depletion of battery life resulting from unwanted incoming calls; and violations of his statutory rights.

## CLASS ACTION ALLEGATIONS

16.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.  Plaintiff proposes the following class ("Class"):

> All persons within the United States who received a call from Defendants, or anyone acting on their behalf, to their cellular telephone, at any time from four years prior to the filing of this Complaint through the dissemination of class notice, where the call was made through the use of an automatic telephone dialing system.

17.     Plaintiff does not know the exact number of members in the Class, but reasonably believe based on the scale of Defendants' business, and the number of unsolicited calls that they received, that the class is so numerous that individual joinder would be impracticable.

18.     Plaintiff and all members of the Class have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and

invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing calls, the and violations of their statutory rights.

19. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class members can be identified easily through records maintained by Defendants. There are well-defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions that may affect individual members of the Class members. Those common questions of law and fact include, but are not limited to, the following:

   a. Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;
   b. Whether Defendants and/or their agents used an automatic telephone dialing system to transmit the unsolicited phone call;
   c. Whether Defendants' conduct was knowing and/or willful;
   d. Whether Defendants made harassing, oppressive, or abusive telephone calls;
   e. Whether Defendants are liable for damages, and the amount of such damages, and
   f. Whether Defendants should be enjoined from engaging in such conduct in the future.

20. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

21. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendant to comply with the TCPA. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

22. As a person who received calls on their telephone using an artificial or prerecorded voice, without their prior express written consent, Plaintiff asserts claims that are typical of each member of the class. Plaintiff will fairly and adequately represent and protect the interests of the

Class members, and has no interests that are antagonistic to any member of the Class members.

23. Defendants have acted on grounds generally applicable to the Class members, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class members as a whole appropriate. Moreover, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST COUNT
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

24. Plaintiff incorporates by reference the foregoing paragraphs of this complaint as if fully stated herein.

25. The foregoing acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

26. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

27. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

29. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the Class members the following relief against Defendants:

    a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

    b. As a result of Defendants' violations of the TCPA, Plaintiff seeks for himself and

each member of the Class members $500.00 in statutory damages for each and every text message call that violated the TCPA;

c. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Class members treble damages, as provided by statute, of up to $1,500.00 for each and every text message call that violated the TCPA;

d. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

e. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 2, 2018    **BURSOR & FISHER, P.A.**

By:    */s/ Blair E. Reed*
           Blair E. Reed

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Blair E. Reed (State Bar No. 316791)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
            jsmith@bursor.com
            breed@bursor.com

*Attorneys for Plaintiff*